No. 10,983.

JOHN F. RICE LUMBER CO. *v.* CHIPETA MINING, MILLING & SMELTING CO., ET AL.

Decided April 6, 1925.

Action to foreclose mechanics' liens. Foreclosure refused.

*Affirmed.*

1. MECHANICS' LIENS—*Statement—Filing.* Seasonable filing of a lien statement is necessary to judgment of foreclosure of a mechanic's lien.

2. APPEAL AND ERROR—*Abstract.* In an action to foreclose mechanics' liens, the abstract being deficient, decree refusing foreclosure, sustained.

*Error to the District Court of Ouray County, Hon. Thomas J. Black, Judge.*

Mr. CARL J. SIGFRID, Mr. R. J. NORPEL, for plaintiff in error.

Mr. T. W. EMERSON, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS action was brought by plaintiff in error against defendants in error to foreclose mechanics' liens. There were five accounts for work and for goods sold to the Chipeta company for use on its mines; one was an original account of the plaintiff and the others were assigned to it. The court gave plaintiff judgment against the Chipeta company for the amount of all the claims but refused foreclosure of the liens, which is the error complained of. The abstract shows that the court found "that plaintiff had failed to establish, by the evidence, any right to a mechanic's lien upon any of the property described in the complaint * * *." One question is whether there is sufficient evidence to support the liens.

It is necessary that seasonable filing of lien statements be shown. One of the defenses was that the lien statements were not filed within the time fixed by statute (C. L. § 6450). Unless the evidence shows that the liens were filed within the time required, to-wit, for work within one month after the last labor, and for material within two months after the last material was furnished, they were too late. Work stopped on these mines in June, 1920. We find it impossible to determine from the abstract what was done after that. It contains no abstract of the exhibits, nor of any item thereof except items which are as-

serted to be the last on each of the bills, and the sufficiency of these is disputed. No lien was filed until February, 1922, or thereabouts. There is no explanation except that certain trifling items of work and material appear to have been done and delivered shortly before the filings. There is evidence that these items were paid for. In view of the general finding quoted above we must assume that to be true, and we must conclude that the filings are not shown to be in time.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.